*805 OPINION.
Phillips:
The petitioners in each of these two proceedings raise only the question of the amount of taxable gain derived from the sale of certain stock of the Keeley-Neckerman Co. While the petitioners raised issues with respect to the value of this stock on certain dates, those issues have been disposed of by stipulation, leaving for consideration only the question which arises by reason of the action of the Commissioner in following section 202 (a) (2) of the Kevenue Act of 1921, which provided that the basis for ascertaining the gain derived or loss sustained froúi a sale of property shall, in the case of property acquired by gift after December 31,1920, be the same as that which it would have been in the hands of the donor. In' these proceedings it appears that each of these petitioners received 300 shares of the stock in question after December 31, 1920, and *806 that under the terms of the statute the basis for computing the gain derived from the sale of that stock in 1921 would be $200.59 per share, the cost to the donor, and not $346.01 per share, the market value on the date the property was transferred by the donor to the petitioners. It was urged by the petitioners that the provision of the statute under which the Commissioner acted is unconstitutional and that the taxable gain to the petitioners from the sale of the 300 shares received by each of them as a gift could not exceed the difference between the sale price and the value at the date of gift. Since these cases were heard this question has been decided contrary to the contentions of the petitioners. Taft v. Bowers, 278 U. S. 470. Under that decision it follows that the taxable gain is the difference between the selling price and the basis which would have been used by the donor had the donor made the sale.
The deficiencies should be recomputed in accordance with that decision and upon the basis of the costs and values set out in the findings of fact.

Decision will he entered under Rule 50.